IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DIRECTV, LLC, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-1212 |
| § | | |
| DAVID HERRERA, *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 20] filed by Plaintiff DIRECTV, LLC ("DIRECTV"), seeking summary judgment on its claim under 47 U.S.C. § 605. Defendants David Herrera and Alicia's Mexican Grille #2 Inc. ("Alicia's") neither filed a response in opposition to the Motion nor requested additional time to do so. The Southern District of Texas Local Rules provide that failure to respond to a motion is taken as a representation of no opposition. *See* LR 7.3, 7.4. However, when a party fails to respond to a Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). Based on the Court's review of the record and relevant legal authorities, the Court **grants** the Motion for Summary Judgment.

## I.     BACKGROUND

Plaintiff sued Defendants alleging violations of the Federal Communications Act ("FCA"), 47 U.S.C. § 605.  David Herrera is the owner of Alicia's.  Plaintiff alleges that Defendants illegally intercepted and exhibited Satellite Programming on at Alicia's on October 11, 2012.  After an adequate time to complete discovery, Plaintiff moved for summary judgment.  The Motion, to which no opposition has been filed, is ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P.  56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002); *Chambers v. Sears, Roebuck and Co.*, 428 F. App'x 400, 407 (5th Cir. June 15, 2011). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

### III. **ANALYSIS**

The FCA prohibits the unauthorized interception and broadcast of satellite transmissions. 47 U.S.C. § 605. The FCA is a strict liability statute, and the plaintiff is required only to prove the unauthorized exhibition of the intercepted transmission. *See KingVision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 (9th Cir. 1999). A prevailing plaintiff may recover statutory damages of up to $10,000.00 for

a violation of § 605. If the violation was willful and "for purposes of direct or indirect commercial advantage or private financial gain," the Court may award additional damages. A prevailing party is entitled to recover its reasonable costs and fees. *See* 47 U.S.C. § 605(e)(3)(B)(iii).

In this case, Plaintiff has presented evidence that on October 11, 2012, its auditor Keith Howse was at Alicia's where he observed two television sets exhibiting DIRECTV Satellite Programming for public viewing. *See* Affidavit of Keith Howse, Exh. B to Motion. Specifically, the television sets at Alicia's were exhibiting an NFL game between the Pittsburgh Steelers and the Tennessee Titans. *See id.* Neither Defendant had a commercial DIRECTV account authorizing Alicia's to receive DIRECTV's Satellite Programming. *See* Affidavit of Kent P. Mader [Doc. # 20-1], ¶ 13. Defendant Herrera had a residential account for DIRECTV Satellite Programming at his residence in Cypress, Texas, but the residential rate for DIRECTV is less expensive than the rate for commercial accounts. Defendants have presented no evidence to the contrary. Indeed, Defendants failed to respond to Plaintiff's Requests for Admission and, therefore, are deemed to have admitted the facts set forth above.

Plaintiff's uncontroverted evidence establishes that Defendants exhibited DIRECTV's Satellite Programming on October 11, 2012. Defendants have admitted,

through their failure to respond to the Requests for Admission, that their violation was willful and "for purposes of direct or indirect commercial advantage or private financial gain." Accordingly, Plaintiff is entitled to summary judgment and to an award of statutory damages and costs.

## IV.   CONCLUSION AND ORDER

The uncontroverted evidence in this record establishes that Defendants willfully violated the FCA by illegally intercepting and exhibiting DIRECTV's Satellite Programming, and did so for commercial financial gain. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 20] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **24th** day of **April, 2014**.

_____
Nancy F. Atlas
United States District Judge